IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID GOLZAR REVOCABLE TRUST,**<br>    **Plaintiff,**<br><br>v.<br><br>**CSAA FIRE AND CASUALTY INSURANCE COMPANY,**<br>    **Defendant.** | Case No. 20-CV-358-JFH-CDL |

## OPINION AND ORDER

Before the Court is the motion to interplead settlement funds filed by Plaintiff David Golzar Revocable Trust (the "Trust"). Dkt. No. 56. For the reasons set forth below, the Trust's motion is denied.

### I.   BACKGROUND

This case involves a dispute between Plaintiff and Defendant CSAA Fire & Casualty Insurance Company d/b/a AAA Fire & Casualty Insurance Company ("CSAA"), through whom Plaintiff insured a number of properties. Dkt. No. 17. The Trust initiated its action in state court and CSAA removed it to this Court on July 23, 2020. Dkt. No. 2; Dkt. No. 2-2. On September 8, 2020, the Trust filed an amended complaint, identifying four properties and five insurance policies that allegedly exist between it and CSAA. Dkt. No. 17 at 1-4. The Trust claims that "[e]ach of the insured properties had a loss or multiple losses which were not fully paid." *Id.* at 2. The Trust alleges CSAA breached its contract with the Trust by "fail[ing] to properly evaluate the claims and [failing] to fully pay [the Trust] amounts owed under the claims." *Id.* at 4.

On March 5, 2021, Stephen Capron ("Mr. Capron") moved to withdraw as counsel for the Trust due to lacking access to information and discovery materials, rendering him unable to submit pleadings or discovery materials. Dkt. No. 35. According to Mr. Capron, a clear conflict existed with the Trust that rendered his further representation of the Trust "not possible." *Id.* The Trust did not oppose Mr. Capron's withdrawal. *Id.* On March 10, 2021, the Court permitted Mr. Capron to withdraw and on March 25, 2021, replacement counsel entered an appearance. Dkt. No. 40.

On April 30, 2021, the parties notified the Court that they had reached a negotiated resolution of the Trust's claims. Dkt. No. 52 at 1. The Court directed the parties to file a stipulated dismissal no later than May 7, 2021. *Id.* The parties requested and received two extensions on this deadline. Dkt. No. 52; Dkt. No. 53; Dkt. No. 54; Dkt. No. 55. On July 16, 2021, the Trust filed an unopposed motion to interplead the settlement funds. Dkt. No. 56. The Trust claims that Mr. Capron is asserting an attorney's lien and CSAA wishes to interplead the settlement funds to avoid any involvement in the attorney fee dispute. Dkt. No. 56 at 1-2.

## II.   DISCUSSION

"Interpleader is a statutory remedy that offers a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014). A request to interplead may be made under 28 U.S.C. § 1335 or Rule 22 of the Federal Rules of Civil Procedure. Under the interpleader statute, district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by a party having money or property valued at least $500, if: (1) two or more adverse claimants, of diverse citizenship, claim to be entitled to the money or property at issue; and (2) the interpleader plaintiff deposits the money or

property into the registry of the court pending the judgment of the court on the competing claims. 28 U.S.C. § 1335.  Under Rule 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22.  "A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." *Id.*

Both the statute and the rule contemplate that the stakeholder—that is the party in possession of the money or property at issue—will make the request to interplead to the court.  The Trust appears to recognize this in its motion, explaining that the parties intended to jointly move to interplead the settlement funds until Mr. Capron threatened to add CSAA as a named defendant to a fraud action his firm brought against the Trust in state court. Dkt. No. 56 at 1 n. 1.  The Trust states that CSAA does not oppose its Motion and agrees that this Court is the proper forum for resolving Mr. Capron's lien and entitlement to attorney fees from the settlement proceeds in this case.  *Id.*  However, the Trust offers no legal basis for the Court to order CSAA to interplead funds in its possession upon the Trust's motion alone.

**IT IS THEREFORE ORDERED** that the Trust's Motion to Interplead settlement funds [Dkt. No. 56] is **DENIED** without prejudice to the filing of such a motion by CSAA.

Dated this 27th day of August 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3