IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID GOLZAR REVOCABLE TRUST,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CSAA FIRE AND CASUALTY INSURANCE COMPANY,**<br><br>    **Defendant.** | Case No. 20-CV-358-JFH-CDL |

**OPINION AND ORDER**

Before the Court is the joint motion to interplead settlement funds filed by Defendant CSAA Fire & Casualty Ins. Co. ("CSAA") and Plaintiff David Golzar Revocable Trust (the "Trust") [Dkt. No. 60]. For the reasons set forth below, the motion is granted.

**I.      BACKGROUND**

This case involves a dispute between Plaintiff and Defendant CSAA Fire & Casualty Insurance Company d/b/a AAA Fire & Casualty Insurance Company ("CSAA"), through whom Plaintiff insured a number of properties. Dkt. No. 17. The Trust initiated its action in state court and CSAA removed it to this Court on July 23, 2020. Dkt. No. 2; Dkt. No. 2-2. On September 8, 2020, the Trust filed an amended complaint, identifying four properties and five insurance policies that allegedly exist between it and CSAA. Dkt. No. 17 at 1-4. The Trust claims that "[e]ach of the insured properties had a loss or multiple losses which were not fully paid." *Id.* at 2. The Trust alleges CSAA breached its contract with the Trust by "fail[ing] to properly evaluate the claims and [failing] to fully pay [the Trust] amounts owed under the claims." *Id.* at 4.

On March 5, 2021, Stephen Capron ("Mr. Capron") moved to withdraw as counsel for the Trust due to lack of access to information and discovery materials, rendering him unable to submit pleadings or discovery materials. Dkt. No. 35. According to Mr. Capron, a clear conflict existed with the Trust that rendered his further representation of the Trust "not possible." *Id.* The Trust did not oppose Mr. Capron's withdrawal. *Id.* On March 10, 2021, the Court permitted Mr. Capron to withdraw and on March 25, 2021, replacement counsel entered an appearance. Dkt. No. 40.

On April 30, 2021, the parties notified the Court that they had reached a negotiated resolution of the Trust's claims. Dkt. No. 52 at 1. The Court directed the parties to file a stipulated dismissal. *Id.* However, on the deadline to file the stipulated dismissal, the Trust moved to interplead the settlement funds. Dkt. No. 56. The Trust advised the Court that a fee dispute had arisen between it and Mr. Capron and that CSAA wished to interplead the settlement funds and to avoid involvement in the dispute attorney fee dispute. Dkt. No. 56 at 1-2.

## II.   DISCUSSION

"Interpleader is a statutory remedy that offers a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *In re Millennium Multiple Employer Welfare Ben. Plan*, 772 F.3d 634, 639 (10th Cir. 2014). A request to interplead may be made under 28 U.S.C. § 1335 or Rule 22 of the Federal Rules of Civil Procedure. Under the interpleader statute, district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by a party having money or property valued at least $500, if: (1) two or more adverse claimants, of diverse citizenship, claim to be entitled to the money or property at issue; and (2) the interpleader plaintiff deposits the money or property into the registry of the court pending the judgment of the court on the competing claims.

28 U.S.C. § 1335. Under Rule 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. "A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." *Id.*

In light of the settlement and the attorney fee dispute between the Trust and Mr. Capron, CSAA is subject to conflicting claims and potential liability concerning entitlement to the settlement funds at issue. If CSAA were to disburse the settlement funds to the Trust it could face multiple and vexatious litigation. CSAA has incurred no independent liability to the adverse claimants and did not create the situation that has cause the conflicting claims. CSAA seeks to have the Trust and Mr. Capron resolve their respective clams to entitlement to the settlement funds. In other words, CSAA is a stakeholder that claims no beneficial interest in the settlement funds.

**IT IS THEREFORE ORDERED** that:

1. The joint motion to interplead the settlement funds [Dkt. No. 60] is **GRANTED**;

2. The Clerk shall accept the funds in the amount of $230,000.00, along with any interest thereon, tendered by CSAA Fire and Casualty Insurance company and deposit these funds in the Court Registry System as administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045 to remain invested until further order of this Court; and

3. Counsel presenting this Order shall serve a copy thereof on the Court Clerk or the Chief Deputy personally. Absent this service, the Clerk is hereby relieved of any liability relative to compliance with this Order.

Dated this 3rd day of December 2021.

                                                  JOHN F. HEIL, III
                                                  UNITED STATES DISTRICT JUDGE