IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID GOLZAR REVOCABLE TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **CSAA FIRE AND CASUALTY INSURANCE COMPANY,** <br><br> Defendant. | Case No. 20-CV-358-JFH-CDL |

# OPINION AND ORDER

Before the Court is a Special Entry of Appearance and Motion to Dismiss [Dkt. No. 91] filed by Capron & Edwards, PLLC ("Capron & Edwards") which seeks dismissal of the counterclaim in interpleader filed against it by CSAA Fire and Casualty Insurance Company ("CSAA") [Dkt. No. 88]. The Motion to Dismiss raises many of the same issues which this Court previously considered at the Motion hearing held on March 28, 2024. To the extent that it was not already clear, the Court rejects these arguments.[1] As explained below, Capron & Edwards' Motion to Dismiss is denied.

## PROCEDURAL HISTORY

Explication of the tortured procedural history of this case is necessary before moving to the merits of Capron & Edwards' Motion. This case originally arose from an insurance dispute between Plaintiff, David Golzar Revocable Trust ("Plaintiff" or the "Trust"), and CSAA; Capron & Edwards was Plaintiff's original attorney in this action. Plaintiff first brought this matter in Tulsa County District Court on December 16, 2019, and filed an amended petition on June 29,

---

[1] To the extent the parties have desired to express their animosity toward one another, they have achieved their goal. Unfortunately, what is even more obvious to the Court is that this animosity has drastically detracted from the quality of advocacy in this case.

1

2020. Dkt. No. 2. On July 23, 2020, CSAA removed this matter to this court based on diversity jurisdiction. Dkt. No. 2.

On March 5, 2021, Capron & Edwards moved to withdraw from representation of Plaintiff, citing a "clear conflict" between Plaintiff and the firm. Dkt. No. 35 at 1. Capron & Edwards was permitted to withdraw, and new counsel entered the case on March 25, 2021. Dkt. Nos. 36, 40. The Court was advised on April 30, 2021 that the parties had reached a settlement. Dkt. No. 51.

On June 28, 2021, Plaintiff's new counsel informed Stephen Capron (of Capron & Edwards) of the parties' settlement. Dkt. No. 91-6. When the issue of Capron & Edwards lien could not be resolved, Mr. Capron was informed of the intention to interplead the settlement funds in this Court. Dkt. No. 65 at 3. Capron & Edwards responding by filing a petition against David Golzar and the Trust in Tulsa County District Court (Case No. CJ- 2021-1921). Dkt. No. 91-2. On July 14, 2021, Capron & Edwards filed an Amended Petition in that case naming adding CSAA as a defendant.[2]

On July 16, 2021, Plaintiff moved to interplead the settlement funds in the case; indicating that interpleader was necessary because a dispute had arisen between Plaintiff and its former counsel, Capron & Edwards. Dkt. No. 56. This motion was denied, because both rule and statutory interpleader require "that the stakeholder … make the request to interplead to the court." Dkt. No. 58. CSAA and Plaintiff then filed a Joint Motion to Interplead on September 10, 2021. Dkt. No. 60. CSAA again indicated that interpleader was necessary because of the dispute between Plaintiff and Capron & Edwards. *Id*. CSAA also served a copy of its motion on Mr. Capron and on Capron & Edwards. *Id*.

---

[2] The Court notes the filing of this state court action only because the timing is relevant to Capron & Edward's arguments for dismissal; the Court will not concern itself with the allegations in the state court action.

On December 3, 2021, the Court granted CSAA's motion and ordered the Clerk of Court to accept the settlement funds "in the amount of $230,000, along with any interest thereon, tendered by [CSAA] and deposit these funds in the Court Registry System as administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045 to remain invested until further order of this Court." Dkt. No. 61. CSAA deposited the sum of $230,000 with the Clerk of Court on January 12, 2022. Dkt. Nos. 66, 68.

After the Court granted CSAA's Motion to Interplead, Capron & Edwards filed its first Motion to Dismiss the interpleader action. Dkt. No. 62. Capron & Edwards argued that dismissal was warranted based on a lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, failure to join a party under Rule 19, and "because another action is pending among the same parties which predates the motion for interpleader (to the extent that this Court treats that motion as if it were a pleading)." *Id*.

Capron & Edwards' motion was referred to Magistrate Judge Little [Dkt. No. 72], who, after hearing, issued a Report and Recommendation [Dkt. No. 78]. Judge Little's Report and Recommendation would have denied Capron & Edwards' motion in its entirety; Capron & Edwards objected to the Report and Recommendation, and those objections were fully briefed. Dkt. Nos. 79, 81, 82, 83. This Court, after a hearing on March 28, 2024, held that Capron & Edwards could be properly brought into the action by counterclaim, rather than by motion, and, accordingly, the Court gave CSAA 20 days to file a counterclaim adding Capron & Edwards. Dkt. No. 86.

CSAA filed a Counterclaim against Capron & Edwards on April 10, 2024 in accord with this Court's prior Order. Dkt. No. 88. Capron & Edwards moved to dismiss the counterclaim against it on May 1, 2024, and that Motion, which has been fully briefed by the parties, is currently

before the Court. Dkt. Nos. 91, 92, 93. Subsequent to the filing of Capron & Edwards' Motion, CSAA filed a Notice of Service on June 27, 2024, indicating that service had been accomplished upon Stephen Capron. Dkt. No. 95.

Capron & Edwards seeks dismissal on many of the same bases raised in its prior Motion to Dismiss – it maintains that the counterclaim was filed beyond the statute of limitations, that there is a previously filed state court action concerning the same dispute, that there is no interpleader jurisdiction because the full amount of the settlement is not before the Court, and that CSAA has failed to join and indispensable party. Dkt. No. 91. Capron & Edwards also argues that there has been insufficient service of process, but, as noted, service was accomplished upon Stephen Capron of Capron & Edwards after the filing of the Motion to Dismiss [Dkt. No. 95]. Such service was effective and legally sufficient.

## ANALYSIS

### I. Capron & Edwards' statute of limitations argument fails.

Capron & Edwards argues that the Counterclaim must be dismissed because it was not brought against Capron & Edwards within the one-year statute of limitations for attorney liens. The relevant statutory text provides:

> **An attorney may *enforce* any lien provided for by this act** in any court of competent jurisdiction by action filed within one (1) year after the attorney becomes aware of such compromise or payment of such judgment, or judgment may be rendered on motion in the case in the court in which the suit was brought.

Stat. Tit. 5, § 8 (emphasis added). Quite clearly, this statute of limitations applies to an enforcement action by the attorney whom the lien favors. This statute is not applicable to the CSAA's Counterclaim.[3] Neither Plaintiff nor CSAA are seeking to enforce a lien. What they have

---

[3] CSAA argues in its Response that this Court should declare Capron & Edwards' attorney lien extinguished. However, it is procedurally improper for CSAA to seek such relief in a response. The issue of the legitimacy of the lien is not presently before the Court.

4

been trying to do, however, in good faith, since July 16, 2021, is interplead the settlement funds at issue. That effort that has been frustrated by Capron & Edwards' actions at every turn. Capron & Edwards' statute of limitations argument is without merit.

## II. There is no previously filed state court action concerning the same dispute.

Capron & Edwards argues that, "where the previously filed state court action is completely dispositive of the issues subsequently presented in a federal court by the same parties, and where only some of the issues to be resolved between the parties would be resolved in the subsequently filed federal case, dismissal is the proper remedy." Dkt. No. 91 at 6-7. Capron & Edwards contends that Tulsa County Case Number CJ-2021-1921, which Capron & Edwards filed in the midst of this lawsuit (and which, in fact, concerns conduct that took place *in this lawsuit*), is, somehow, the earlier filed case. The Court has no intention of following the headache-inducing chain of illogic that would lead to such a conclusion. This is yet another argument that is without merit.

## III. This Court has jurisdiction to consider the interpleader action.

Capron & Edwards argues that this Court does not have the "entire sum at issue" before it. According to Capron & Edwards, the settlement amount was actually $310,000 rather than $230,000, and, for reasons unknown, the parties are purportedly conspiring to deceive this Court regarding the true settlement amount. Capron & Edwards' "smoking gun" is an email from Plaintiff's counsel, which clearly states that the full settlement amount in this case is $230,000, not $310,000. Dkt. No. 91-6.[4] Capron & Edwards has now scored a hat trick in arguments without merit.

---

[4] What Capron & Edwards apparently seeks to do is combine a settlement in an unrelated case with the settlement funds at issue before this Court.

Next, Capron & Edwards contends that "the total amount in controversy has not yet been determined" because, according to Capron & Edwards, its attorney lien is broader than this case which entitles it to an ever-increasing sum based upon the protracted state court litigation which it has filed. Capron & Edwards misunderstands the purpose and scope of the interpleader action. "Importantly, the interpleader remedy is not designed to consolidate all claims arising out of a single transaction or occurrence into one action. To the contrary, the Supreme Court has expressly rejected the notion that interpleader functions as 'an all-purpose bill of peace.'" *In re Millennium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634 (10th Cir. 2014) citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534-36 (1967); see also *Id*. at 539 ("[I]nterpleader suits are focused on adverse claims to a single, identifiable stake, or res, that is under the control of the interpleader plaintiff and can be delivered to the registry of the court."). "The reasons underlying the interpleader remedy continue to have force even when there is a possibility that the stakeholder also may be liable to one of the claimants on some special basis." 7 Wright & Miller § 1706. The purpose of the interpleader action is to determine the appropriate disposition of the stake at issue, which is the settlement amount in this case. That Capron & Edwards has filed separate litigation and believes that it is entitled to more is irrelevant.

**IV.     There is no indispensable party that has not been joined.**

Capron & Edwards maintains that David Golzar, individually, is an indispensable party to its attorney fee dispute and, as such, an indispensable party to the interpleader action. Dkt. No. 91 at 10-12. Again, Capron & Edwards seek to improperly expand the scope of this interpleader action to encompass its independent claims against CSAA and others. That is not what is at issue in this case. The stake in this interpleader action is the settlement that was reached between

Plaintiff and CSAA, and the interpleader action is a proper mechanism for deciding the appropriate distribution of this stake between Plaintiff and Capron & Edwards.

## CONCLUSION

For all of the reasons set forth above, Capron & Edwards' Motion to Dismiss [Dkt. No. 91] is DENIED.

Dated this 4th day of October 2024

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JOHN F. HEIL, III
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE